# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

COMERICA BANK,

     *Plaintiff*,

     v.

CONSUMER FINANCIAL PROTECTION
BUREAU, *et al.*,

     *Defendants*.

Case No. 3:24-cv-02828-B

---

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ....................................................................................................................... 1

STATEMENT OF ISSUES ......................................................................................................... 2

BACKGROUND .......................................................................................................................... 3

LEGAL STANDARDS ................................................................................................................. 5

ARGUMENT ............................................................................................................................... 6

    I. This case should be dismissed for lack of subject matter jurisdiction.................................. 6

        A. The case should be dismissed for lack of subject matter jurisdiction because the CFPB has sovereign immunity from this suit. ............................................................... 6

        B. The case should be dismissed for lack of subject matter jurisdiction because Comerica's claims are not ripe. ....................................................................................... 7

            1. Comerica's claims are not ripe because Comerica will not suffer any hardship from this Court withholding consideration of this action. .................................................. 8

            2. Comerica's statutory and fair notice claims are not ripe because they are also not fit for judicial review. ...................................................................................................... 9

    II. Even if it had subject matter jurisdiction, the Court should dismiss this declaratory action as a matter of discretion. .......................................................................................... 13

        A. Comerica's request for declaratory relief is contrary to the purposes of the Declaratory Judgment Act............................................................................................................... 14

        B. The *Trejo* factors support dismissing Comerica's request for declaratory relief. ......... 16

    III. Alternatively, the Court should stay this declaratory action pending resolution of the enforcement action by the natural plaintiff proceeding before this Court. ....................... 21

CONCLUSION.......................................................................................................................... 22

CERTIFICATE OF CONFERENCE

CERTIFICATE OF SERVICE

i

## TABLE OF AUTHORITIES

**Cases**                                                                      **Page**

*Abbott Lab'ys v. Gardner,*
    387 U.S. 136 (1967) ................................................................................................ 8

*AmSouth Bank v. Dale,*
    386 F.3d 763 (6th Cir. 2004) ................................................................................ 21

*Arizonans for Off. English v. Arizona,*
    520 U.S. 43 (1997) .............................................................................................. 14

*AT & T Mgmt. Servs., L.P. v. CRI Consultants Ltd.,*
    No. 3:15-CV-0073-B, 2015 WL 4743376 (N.D. Tex. Aug. 5, 2015) ................... 19

*BASF Corp. v. Symington,*
    50 F.3d 555 (8th Cir. 1995) .................................................................................. 19

*Braidwood Mgmt., Inc. v. EEOC,*
    70 F.4th 914 (5th Cir. 2023) ................................................................................. 14

*Buntrock v. SEC,*
    347 F.3d 995 (7th Cir. 2003) ................................................................................ 14

*Capco Int'l, Inc. v. Haas Outdoors, Inc.,*
    No. 3:03-CV-2127G, 2004 WL 792671 (N.D. Tex. Apr. 9, 2004) ....................... 19

*Choice Inc. of Tex. v. Greenstein,*
    691 F.3d 710 (5th Cir. 2012) ................................................................................. 7

*Consensys Software, Inc. v. SEC,*
    --- F. Supp. 3d ----, 2024 WL 4438969 (N.D. Tex. Sept. 19, 2024) ............. 10, 11

*Dow Chem. v. EPA,*
    832 F.2d 319 (5th Cir. 1987) ................................................................................ 10

*eBay Inc. v. MercExchange, L.L.C.,*
    547 U.S. 388 (2006) ............................................................................................ 14

*Federated Rural Elec. Ins. Exch. v. Jourdan,*
    No. CV 16-14187, 2017 WL 1399608 (E.D. La. Apr. 19, 2017) ......................... 19

*Flanagan v. Chesapeake Expl., LLC,*
    No. 3:15-CV-0222-B, 2015 WL 6736648 (N.D. Tex. Nov. 4, 2015) ................... 15

*Franklin v. United States*,
No. 3:20-CV-1303-N, 2021 WL 4458377 (N.D. Tex. Sept. 29, 2021)................................. 6

*Gravity Defyer Med. Tech. Corp. v. FTC*,
No. CV 22-1157 (RDM), 2023 WL 2571758 (D.D.C. Mar. 20, 2023) .............................. 14

*Hanes Corp. v. Millard*,
531 F.2d 585 (D.C. Cir. 1976) ..................................................................... 15, 20

*Hyatt Int'l Corp. v. Coco*,
302 F.3d 707 (7th Cir. 2002) .............................................................................. 20

*Kochava v. FTC*,
No. 2:22-cv-00349, 2023 WL 3250496 (D. Idaho May 3, 2023) ......................................... 17

*Kovac v. Wray*,
109 F.4th 331 (5th Cir. 2024)............................................................................. 14

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ...................................................................................... 21

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) ...................................................................................... 13

*Merle Norman Cosmetics v. Martin*,
705 F. Supp. 296 (E.D.La.1988) ........................................................................... 20

*Mill Creek Press, Inc. v. The Thomas Kinkade Co.*,
No. 3:04-CV-1213-G, 2004 WL 2607987 (N.D. Tex. Nov. 16, 2004)................................... 20

*Morgan Drexen, Inc. v. CFPB*,
785 F.3d 684 (D.C. Cir. 2015) ............................................................................ 14

*Morrison Express Corp. (U.S.A.), Inc. v. Eva Airways & Integrated Airline Servs., Inc.*,
No. 3:12-CV-4830-B, 2013 WL 12126272 (N.D. Tex. Aug. 5, 2013) ................................. 18

*Nerium Int'l, LLC v. AloeVeritas Ams., LLC*,
No. 3:17-CV-2994-B, 2018 WL 1899298 (N.D. Tex. Apr. 20, 2018)................................... 21

*Odeco, Inc. v. Bridgett*,
22 F.3d 1093, 1994 WL 198875 (5th Cir. 1994)............................................................ 15

*Ohio Forestry Ass'n, Inc. v. Sierra Club*,
523 U.S. 726 (1998) ....................................................................................... 9

*Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*,
    48 F.4th 603 (5th Cir. 2022) .................................................... 21

*Ramming v. United States*,
    281 F.3d 158 (5th Cir. 2001) .................................................... 5, 6

*Roark & Hardee LP v. City of Austin*,
    522 F.3d 533 (5th Cir. 2008) .................................................... 8

*Sally Holdings LLC v. Bd. Ams., Inc*.,
    No. 4:22-CV-285-SDJ, 2023 WL 4424599 (E.D. Tex. July 10, 2023) .............. 18

*Seila Law LLC v. Consumer Fin. Prot. Bureau*,
    140 S. Ct. 2183 (2020) .......................................................... 3

*Setliff v. Zoccam Techs., Inc.*,
    No. 3:21-CV-2025-B, 2022 WL 504395 (N.D. Tex. Feb. 18, 2022) ............... 15, 20

*Sherwin-Williams Co. v. Holmes Cnty.*,
    343 F.3d 383 (5th Cir. 2003) .................................................... 14, 16, 17, 19

*St. Paul Ins. Co. v. Trejo*,
    39 F.3d 585 (5th Cir. 1994) ..................................................... 14, 16

*Sturns v. Kroger Co.*,
    No. 3:23-CV-2533-B, 2024 WL 3513474 (N.D. Tex. July 22, 2024) .............. 21

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    127 S. Ct. 2499 (2007). ......................................................... 6

*Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*,
    819 F.2d 746 (7th Cir. 1987) .................................................... 15

*Texas Off. of Pub. Util. Couns. v. FCC*,
    183 F.3d 393 (5th Cir. 1999) .................................................... 10

*U.S. Bank Nat'l Ass'n as trustee for CSMC Mortg.-Backed Tr. 2007-3 v. Lamell*,
    No. 21-20326, 2022 WL 1800860 (5th Cir. June 2, 2022) ..................... 16

*Veoh Networks, Inc. v. UMG Recordings, Inc.*,
    522 F. Supp. 2d 1265 (S.D. Cal. 2007) ......................................... 15

*Walmart Inc. v. DOJ*,
    21 F.4th 300 (5th Cir. 2021) .................................................... *passim*

*Watkins Strategy & Res. Grp., LLC v. WLC, LLC,*
    433 F. Supp. 2d 778 (S.D. Miss. 2006) .................................................................. 18

**Statutes**

12 U.S.C. § 5531 ........................................................................................................... 12

12 U.S.C. § 5564 ............................................................................................................. 3

12 U.S.C. § 5481 ............................................................................................................. 3

28 U.S.C. § 2201 ........................................................................................................... 13

## INTRODUCTION

Plaintiff Comerica Bank brought this declaratory judgment action to preemptively challenge an enforcement action that it believed the Consumer Financial Protection Bureau would soon bring against it. Improper from the start, this anticipatory action is now utterly pointless to boot. The CFPB has now brought—in this Court—a civil law enforcement action against Comerica asserting thirteen claims for violations of federal law. That enforcement action bears little resemblance to the hypothetical action that Comerica seeks to challenge here. Of the two hypothetical claims that Comerica seeks to challenge, one does not appear in the CFPB's enforcement action at all, and the other bears only a passing resemblance to one of the thirteen claims that the CFPB actually asserts. Comerica is free to raise and resolve any challenges it has to the actual claims that the CFPB has now asserted against it in that enforcement action. This Court should dismiss this wasteful ancillary action.

To start, this Court lacks subject matter jurisdiction for two separate reasons. First, sovereign immunity bars this suit because Comerica has challenged hypothetical claims that the CFPB could bring in an enforcement action—and the Fifth Circuit has squarely held there is no waiver of sovereign immunity for that type of challenge. Second, Comerica's claims are not ripe. At its core, ripeness serves to prevent courts from entangling themselves in cases prematurely. But that is what Comerica asks this Court to do by seeking a ruling on defenses to a hypothetical CFPB enforcement action. There is now an actual enforcement action, where Comerica can challenge the actual claims asserted. As a result, Comerica cannot show that it will suffer any hardship from this Court withholding consideration of this declaratory action—a necessary prerequisite for ripeness. Additionally, Comerica's challenges to Comerica's stylized version of claims that it predicted CFPB would bring are not fit for judicial decision—and thus not ripe—

because they are not based on any final agency action and would benefit from a more concrete setting showing how Comerica is actually alleged to have violated the law.

Further, even if this Court had jurisdiction, it should decline to exercise its discretionary jurisdiction to consider Comerica's request for declaratory judgment. The Declaratory Judgment Act gives potential defendants an opportunity to clarify legal rights—it is not a vehicle for actual defendants to ask a court to rule on defenses that can and will be efficiently resolved in a pending enforcement action. Permitting this suit to go forward would accomplish little more than encouraging other potential enforcement defendants to rush into court whenever they perceive a tactical advantage in doing so.

This Court should therefore dismiss Comerica's complaint. In the alternative, this Court should at a minimum stay this action. Because Comerica can challenge the CFPB's actual claims asserted against it (and more efficiently, too) in the enforcement action, a stay would save this Court's time and energy from addressing overlapping briefing across two different cases without prejudicing Comerica.

## STATEMENT OF ISSUES

1. Whether this Court lacks subject matter jurisdiction because sovereign immunity bars this suit.

2. Whether this Court lacks subject matter jurisdiction because Comerica's preemptive challenge to the CFPB's enforcement action pending before this Court is not ripe where Comerica would suffer no hardship from dismissal and where most of Comerica's claims rely on hypothetical facts.

3. Whether this Court should decline to exercise its discretionary jurisdiction under the Declaratory Judgment Act to consider Comerica claims for declaratory relief, and accordingly

2

dismiss this case, when Comerica may obtain resolution of every claim it raises here in the CFPB's pending enforcement action.

4. Whether this Could should, in the alternative, stay this action because a stay would conserve judicial resources and would not prejudice Comerica where Comerica can raise all its challenges to the CFPB's pending enforcement action in that action.

## **BACKGROUND**

**The Parties.** "In the wake of the 2008 financial crisis, Congress established the Consumer Financial Protection Bureau (CFPB), an independent regulatory agency tasked with ensuring that consumer [financial] products are safe and transparent." *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2191 (2020). Among other tools, Congress granted the CFPB authority to enforce the Consumer Financial Protection Act (CFPA) and certain pre-existing federal consumer protection statutes, including the Electronic Fund Transfer Act (EFTA). 12 U.S.C. §§ 5481(12)(C), (14), 5564(a).

Plaintiff Comerica Bank is a Texas bank headquartered in Dallas, Texas. ECF No. 1 ("Comerica Compl.") ¶¶ 21, 24. Until recently, Comerica was the exclusive administrator for the U.S. Department of Treasury's Direct Express Debit Mastercard ("Direct Express") program, a program through which certain consumers receive federal benefit payments via prepaid debit card accounts. *Id.* ¶¶ 1, 5. Comerica is also the defendant in a CFPB civil law enforcement action that is also pending in this Court. Compl. ¶ 1, *CFPB v. Comerica Bank*, No. 3:24-cv-03054-B (N.D. Tex. Dec. 6, 2024), ECF No. 1 ("CFPB Compl."). The CFPB brought that case on December 6, 2024 to address multiple violations of law that Comerica committed in administering the Direct Express Program. *Id.* ¶ 2.

3

**The Events Preceding This Litigation.** After a two-year investigation, the CFPB informed Comerica in September 2023 that it was considering taking enforcement action against the bank. Comerica Compl. ¶¶ 58–59. After the parties engaged in additional discussions and exchanges of information, in May 2024, the CFPB informed Comerica that it intended to file a public enforcement action alleging violations of the CFPA and EFTA. *Id.* ¶ 60–61. Thereafter, the parties engaged in further discussions to resolve their dispute. *Id.* ¶¶ 62–63.

On November 8, 2024, Comerica filed the instant suit. *See* Comerica Compl. Comerica contends that two claims that it expected the CFPB to assert against it exceed the agency's statutory authority under the CFPA—a claim that (as Comerica puts it, *see id.* ¶ 73) Comerica's "long call wait times" violate the CFPA and a claim that Comerica violated the CFPA by failing to prevent account takeover fraud. *Id.* ¶¶ 71–88. Comerica further asserts that it lacked constitutionally required "fair notice" of both of the hypothetical claims it challenges on statutory grounds. *Id.* ¶¶ 98–103. And Comerica also alleges that the CFPB's funding violates the agency's authorizing statute and the Appropriations Clause of the Constitution. *Id.* ¶¶ 89–97.

**The CFPB's Enforcement Action.** On December 6, 2024, the CFPB filed its enforcement action against Comerica in this Court. CFPB Compl. In its enforcement action, the CFPB asserts four counts against Comerica for violations of the CFPA's prohibition on unfair acts and practices. The first such count alleges that Comerica violated the CFPA when it unfairly interfered with consumers' ability to access and protect their funds, and invoke their legal protections, by directing them to customer-service phone lines that sometimes deliberately dropped their calls and were otherwise so understaffed and overloaded that consumers whose calls were not dropped had to wait for hours on hold before speaking to a representative. *Id.* ¶¶ 25–61, 111–117. The second count alleges that, instead of satisfying its legal obligation to

4

honor consumer requests to stop certain payments, Comerica unfairly forced consumers who made such requests to close their accounts and then re-open new ones (which in many cases also forced those consumers to incur unnecessary fees). *Id.* ¶¶ 77–86, 118–124. The third unfairness count alleges that Comerica unfairly told consumers who alleged enrollment fraud (i.e., that a third party had fraudulently used the consumer's name to enroll in the Direct Express program) that no error had occurred even when Comerica determined that the consumer had in fact been defrauded. *Id.* ¶¶ 62–66, 125–131. And the fourth such count alleges that Comerica unfairly charged consumers ATM fees they did not owe. *Id.* 67–76, 132–138. The CFPB's complaint includes no claim that Comerica violated the CFPA by failing to detect and prevent account takeover fraud. *See generally id.*; *see also* Comerica Compl. ¶¶ 80–88.

The CFPB also asserts in its enforcement action nine counts for Comerica's alleged violations of EFTA or its implementing Regulation E. CFPB Compl. ¶¶ 139–180. Those counts allege that Comerica violated EFTA and Regulation E in various ways, including by requiring consumers to waive their statutory right to stop preauthorized transfers by notifying the bank, by failing to honor consumers' requests to stop payment of preauthorized transfers, and by improperly handling consumers' notices of error. *Id.* ¶¶ 77–110, 139–180. The CFPB further alleges that Comerica's violations of the CFPA, EFTA, and Regulation E harmed consumers. *Id.* ¶¶ 3, 54–60, 76, 84–85, 114, 121, 128, 135.

## <u>LEGAL STANDARDS</u>

Under Federal Rule of Civil Procedure 12(b)(1), this Court can dismiss a suit for lack of subject matter jurisdiction. Plaintiffs bear the burden to establish that jurisdiction is proper. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Under Federal Rule of Civil Procedure 12(b)(6), this Court can dismiss a case for failure to state a legally cognizable claim for its requested relief. In ruling, the Court should accept the complaint's allegation as true, and construe them in Plaintiffs' favor. *Id*. The Court can also consider documents incorporated into the complaint and matters of which it can take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).

## ARGUMENT

Comerica cannot establish subject matter jurisdiction both because its claims are barred by sovereign immunity and because its claims are not ripe. And even if Comerica could establish subject matter jurisdiction here, this Court should decline to exercise its discretionary jurisdiction under the Declaratory Judgment Act to consider this pointless and wasteful challenge to an enforcement action that is separately pending before this Court. In the alternative, this Court should at a minimum stay this declaratory action pending resolution of that enforcement action.

I.    **This case should be dismissed for lack of subject matter jurisdiction.**

A.    **The case should be dismissed for lack of subject matter jurisdiction because the CFPB has sovereign immunity from this suit.**

This Court lacks subject matter jurisdiction because Congress has not waived sovereign immunity for this suit against the United States. "To bring a claim against a sovereign, a party must first show that that sovereign has waived its immunity from suit." *Walmart Inc. v. DOJ*, 21 F.4th 300, 307 (5th Cir. 2021); *see also Franklin v. United States*, No. 3:20-CV-1303-N, 2021 WL 4458377, at *2 (N.D. Tex. Sept. 29, 2021) ("The plaintiff in a suit against the government bears the burden to establish[] that a waiver of sovereign immunity applies to each claim." (citing *Ramming*, 281 F.3d at 161)). Comerica cannot make that showing here.

Comerica has not invoked any statutory right to judicial review or pointed to any statutory waiver of sovereign immunity. *See generally* Comerica Compl. Nor has Comerica

6

alleged in its complaint any "agency action," which the Fifth Circuit has held is necessary to establish that sovereign immunity is waived by the Administrative Procedure Act. *See Walmart Inc.*, 21 F.4th at 307–11. Indeed, this case is on all fours with *Walmart, Inc. v. DOJ*, where the Fifth Circuit held that a strikingly similar preemptive suit was barred by sovereign immunity. *Id.* Walmart's preemptive suit, like this one, challenged a federal agency's "negotiating positions" and alleged "threats" to assert those positions in an enforcement action.[1] *Id.* at 309–10; *see also* Comerica Compl. ¶¶ 59, 73, 81–82, 100–01. As the Fifth Circuit held there, negotiating positions or alleged threats to bring enforcement actions are not "agency action" for which the APA waives sovereign immunity. *Walmart Inc.*, 51 F.4th at 307–11. As in *Walmart*, because Comerica cannot satisfy the "requirement that it identify agency action, [this] suit is barred by sovereign immunity." *Id.* at 311.

**B.  The case should be dismissed for lack of subject matter jurisdiction because Comerica's claims are not ripe.**

This Court also lacks subject matter jurisdiction, and accordingly should dismiss this case, for the independent reason that Comerica's declaratory judgment action is not ripe. *See Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (lack of ripeness deprives court of subject matter jurisdiction). The ripeness requirement aims "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Id.* at 715. To determine whether a case is ripe, courts "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Walmart*

---

[1] In *Walmart*, as here, the Department of Justice brought an actual enforcement action after Walmart filed its complaint. *Walmart, Inc.*, 21 F.4th at 306. But that did not affect the Court's analysis—presumably because the complaint challenged positions Walmart expected the government to take, not the actual positions reflected in the complaint the government actually later filed.

*Inc.*, 21 F.4th at 311 (citing *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967)). To establish ripeness, a declaratory plaintiff must establish both hardship and fitness. *See Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 545 (5th Cir. 2008); *accord Choice Inc.*, 691 F.3d at 715 (declaratory "plaintiff must show some hardship to establish ripeness"). This case satisfies neither of those requirements.

> **1. Comerica's claims are not ripe because Comerica will not suffer any hardship from this Court withholding consideration of this action.**

Comerica will not suffer any hardship from the Court withholding consideration of its claims because Comerica can obtain judicial resolution of its challenges to the CFPB's enforcement action in the enforcement action itself. The Fifth Circuit's decision in *Walmart* is instructive. There, Walmart, fearing a potential federal enforcement action, sued the Department of Justice in the Eastern District of Texas for declaratory relief, asking the district court to make several declarations that certain actions did not violate federal law. 21 F.4th at 306. Walmart claimed that these declarations were contrary to positions DOJ would take in a future enforcement action. *Id*. Not long after, DOJ brought a civil enforcement action against Walmart in the District of Delaware, alleging "overlapping" claims to those Walmart had anticipated. *Id*. at 306–07. The Fifth Circuit concluded that Walmart's claims were not ripe. *Id.* at 311. On the hardship prong, the Fifth Circuit held that the "existence of the Delaware litigation eliminates, or at least greatly reduces, the hardship that will be placed on Walmart by withholding consideration of this suit." *Id*. at 312. That was because Walmart had "the ability to test the government's regulatory position in court by raising its theories as defenses in the Delaware action." *Id*. at 313. And to the extent Walmart sought the declarations to protect against another prosecution in the future, Walmart faced no hardship because the existence of the pending

enforcement action "suggest[ed] that *future* enforcement is unlikely." *Id.* at 313 (emphasis in original).

That same reasoning applies here. Comerica can obtain judicial resolution of its challenges to the CFPB's enforcement action by raising them as defenses in the enforcement action itself. Comerica might "fear that the [enforcement] litigation will proceed more slowly," but the Fifth Circuit made clear that is not the sort of "adverse effect[]" that satisfies the "hardship" prong. *Id.* at 313. Thus, like Walmart, Comerica faces "no substantial hardship" if this Court withholds consideration of this declaratory action. *Id.* This alone means Comerica's case is not ripe. As the Fifth Circuit held in *Choice Inc.*, a case is not ripe where a declaratory plaintiff "has not satisfied the hardship prong of the ripeness inquiry," period, regardless of whether the case would satisfy the "fitness" requirement for ripeness. *See* 691 F.3d at 715 (dismissing case as not ripe without addressing fitness prong where declaratory plaintiff could not establish hardship).[2]

### 2. Comerica's statutory and fair notice claims are not ripe because they are also not fit for judicial review.

While all of Comerica's claims fail to satisfy the hardship requirement for ripeness, Comerica's statutory authority and related fair notice claims are also not ripe because they are not fit for judicial decision. To determine fitness for judicial decision, courts assess "whether the issue presented is a purely legal one, whether consideration of that issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final." *Walmart*, 21 F. 4th at 312. "Failure on even one of the three prongs can render a case unfit for judicial review." *Id.*

---

[2] That Comerica seeks, as discussed further below, a declaration that is different or "somewhat broader than the [CFPB's] position" in the enforcement action does not alter this conclusion. "Legal theories not accepted or pursued by the government cannot create cognizable hardship for purposes of ripeness." *Walmart*, 21 F.4th at 313 (citing *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998)).

Comerica's statutory and fair notice claims—essentially, that Comerica's call-wait-times and fraud-prevention practices are not unfair under the CFPA, and that Comerica did not have fair notice that they were—are grossly unfit for judicial decision here.

To start, Comerica does not challenge any agency action that is "sufficiently final." *See Walmart*, 21 F.4th at 311. In the context of a challenge to agency action, whether "the issues are based on a final agency action" matters. *Texas Off. of Pub. Util. Couns. v. FCC*, 183 F.3d 393, 411 n.11 (5th Cir. 1999); *see also Consensys Software, Inc. v. SEC*, --- F. Supp. 3d ----, 2024 WL 4438969, at *3-4 (N.D. Tex. Sept. 19, 2024). Indeed, in *Walmart*, the Fifth Circuit held that the declaratory plaintiff's claims concerning a potential federal enforcement action were not "sufficiently final" because they were not based on any "*final* agency action." 21 F. 4th at 311 (emphasis in original). In particular, the plaintiff in *Walmart* challenged the government's alleged legal "theor[ies] expressed in a settlement negotiation." *Id.* at 309. So, too, here, Comerica challenges legal theories that it believed the CFPB would pursue in a future enforcement action based on settlement discussions with the CFPB. *See* Comerica Compl. ¶¶ 73-79, 81-88. But as *Walmart* makes clear, the government's proposed legal theories expressed in settlement negotiations are not even agency action—let alone final agency action. *Walmart*, 21 F. 4th at 311.

Indeed, even the enforcement action that the CFPB has since filed does not give Comerica something sufficiently final to challenge. *Cf. Dow Chem. v. EPA*, 832 F.2d 319, 325 (5th Cir. 1987) (holding that enforcement action is not "final agency action"). This was also the situation in *Walmart*—after Walmart filed its preemptive suit, the government brought its actual enforcement action—and the Fifth Circuit nonetheless confirmed that Walmart's claims were not ripe. *Walmart*, 21 F.4th at 306, 311-13. Likewise, the Northern District of Texas recently

10

dismissed as not ripe a declaratory action asserting strikingly similar statutory and fair notice claims against the SEC for just that reason. *Consensys Software,* 2024 WL 4438969, at *4 (holding that "the enforcement actions do not constitute final agency actions" and therefore "do not render" statutory and fair-notice claims challenging them "fit for judicial decision").

Aside from this, Comerica's statutory and fair notice claims are also not fit for judicial decision because they would benefit from a "more concrete setting." *Walmart*, 21 F.4th at 311. Again, *Walmart* is instructive. There, the Court noted that it would be "theoretically possible to declare as a matter of law whether pharmacies had *any* obligation under the CSA to analyze data or reject certain doctors, but the question would be easier if the court knew exactly what obligations pharmacies were alleged to have and could therefore assess whether those obligations accorded with the governing regulations." 21 F.4th at 311 (emphasis in original). Likewise, here, it might be theoretically possible to declare as a matter of law whether it could ever be unfair to have long call wait times or to fail to prevent certain kinds of fraud. But those questions would be easier to assess if this Court knew exactly what conduct the CFPB alleged to be unfair and could therefore assess whether that conduct violated the statute (which this Court can do in the CFPB's enforcement action).

Indeed, as in *Walmart*, Comerica's claims "lack of fitness for adjudication is made especially evident by the ongoing [enforcement] action." *Id*. at 311-12. In *Walmart*, the position the government took in its enforcement action was "materially different from the one Walmart challenge[d]." *Id*. at 312. And because Walmart challenged positions "that the government d[id] not quite take," the Fifth Circuit concluded that Walmart "fail[ed] to show the 'actual controversy' that is needed for a declaratory judgment to be fit for judicial decision." *Id*. That is the case here.

11

Take first Comerica's requested declaration that long "call wait times" are not a "substantial injury" and thus not unfair under the CFPA. *See* Comerica Compl. ¶ 76 and Prayer for Relief ¶ a. (Comerica frames it this way presumably because to qualify as "unfair" under the CFPA, a practice must cause or be likely to cause "substantial injury" that is not reasonably avoidable by consumers and that is not outweighed by countervailing benefits to consumers or competition. 12 U.S.C. § 5531(c)(1).) But Comerica's take is a far cry from what the CFPB actually alleges—that the long call wait times were part of Comerica's broader "fail[ure] to provide consumers a reasonable way to obtain effective and timely assistance" to "protect and access" their government benefits. CFPB Compl. Count I. This practice that the CFPB alleges to be unfair goes beyond mere call wait times and focuses on Comerica's deficient customer service operation more holistically, including its encouraging consumers to use the phone lines, not offering other convenient options, and then so seriously understaffing those phone lines that consumers waited for hours or had their calls deliberately dropped so that Comerica's vendor could keep call volumes down. *Id.* ¶¶ 25-61, 111-17. And not only does Comerica mischaracterize the unfair practice that the CFPB alleges, but it also completely misses the mark on the substantial injury that the CFPB alleges consumers suffered. That is, Comerica's failure to provide timely and effective assistance "interfer[ed] with [consumers'] ability to protect and access their funds," including by "delay[ing] or prevent[ing] [consumers] from receiving protection from and compensation for unauthorized transfers." *Id.* ¶ 55. Comerica's requested declaration regarding call wait times is thus "materially different" from the CFPB's actual position. *Walmart*, 21 F. 4th at 312.

Then there's Comerica's requested declaration that Comerica is not "liable for failing to prevent and detect certain unauthorized electronic fund transfers resulting from account takeover

fraud." Comerica Compl. Prayer For Relief ¶ b. That claim is even less fit for judicial decision as the CFPB does not allege in its enforcement action that Comerica's fraud detection practices violated the law. As the Fifth Circuit explained in *Walmart*, "[e]ven courts that are relatively relaxed in their ripeness analysis stress the importance of an unequivocally expressed position by the government." *Walmart*, 21 F.4th at 312. Here, the CFPB has not unequivocally expressed any position on preventing account takeover fraud for Comerica to challenge.

As in *Walmart*, these "discrepancies illustrate the peril of treating [Comerica's] requested declarations as constituting a ripe case." *Walmart*, 21 F.4th at 312.

## II.    Even if it had subject matter jurisdiction, the Court should dismiss this declaratory action as a matter of discretion.

Even if this Court had subject matter jurisdiction, it should decline to exercise its discretionary jurisdiction to consider this declaratory judgment action and accordingly dismiss it. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). By the Act's own terms, a court's power under the Act is discretionary. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (stating that the use of the permissive "may" in the Declaratory Judgment Act "has long been understood 'to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants"). This court should decline to exercise that discretion here because Comerica is not seeking legal clarity in the face of uncertain litigation, but rather to inappropriately litigate their defenses to the CFPB's now pending enforcement action. Entertaining its request for declaratory relief would therefore be both inconsistent with the purposes of the Declaratory Judgment Act and unwarranted under the *Trejo* factors that the

Fifth Circuit directs district courts to consider in deciding "whether to entertain" a declaratory

judgment action, *see St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).[3]

### A. Comerica's request for declaratory relief is contrary to the purposes of the Declaratory Judgment Act.

The "proper purpose" of the Declaratory Judgment Act is to "allow potential defendants

to resolve a dispute without waiting to be sued." *Sherwin-Williams Co. v. Holmes Cnty.*, 343

F.3d 383, 397 (5th Cir. 2003); *see also Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 933 (5th

Cir. 2023) (stating that the Act is intended to give "parties, threatened with liability, but

otherwise without a satisfactory remedy, an early adjudication of an actual controversy"). Here,

Comerica is not a "potential defendant[]" seeking resolution without having to "wait[] to be

sued." Comerica has been sued, and that lawsuit—the CFPB's enforcement action currently

pending before this Court—will afford Comerica a "satisfactory remedy" by giving it a chance to

resolve its dispute by raising its challenges as defenses. *See Braidwood Mgmt., Inc.*, 70 F.4th at

933. For this reason, Comerica's declaratory judgment will serve "no useful purpose." *See*

---

[3] While Comerica's complaint is titled as one for declaratory and *injunctive* relief, Comerica Compl. at 1, Comerica does not appear to seek an injunction against the CFPB, *see id.* at 20-21 (Prayer for Relief). Regardless, an injunction against the CFPB's pending enforcement action or since-completed investigation would not be warranted. First, Comerica has an adequate remedy at law for its claimed injury of being subjected to what it considers an unlawful and unconstitutional enforcement action: It can move to dismiss the CFPB's lawsuit. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (stating that a plaintiff seeking an injunction must show, at a minimum, that "remedies available at law . . . are inadequate"). For this reason, courts routinely dismiss preemptive challenges seeking to stop government enforcement actions. *See Morgan Drexen, Inc. v. CFPB*, 785 F.3d 684, 696 (D.C. Cir. 2015) (affirming dismissal of preemptive injunctive suit seeking to enjoin CFPB enforcement action); *Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003) (same for SEC enforcement action); *Gravity Defyer Med. Tech. Corp. v. FTC*, No. CV 22-1157 (RDM), 2023 WL 2571758, at *4 (D.D.C. Mar. 20, 2023) (dismissing preemptive injunctive suit seeking to enjoin FTC enforcement action). Second, Comerica would lack standing to seek an injunction against the CFPB's now completed investigation because there is no actual or imminent injury that is redressable by an injunction. *Kovac v. Wray*, 109 F.4th 331, 340 (5th Cir. 2024). The request for such relief would therefore be moot. *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 68 n.22 (1997).

*Odeco, Inc. v. Bridgett*, 22 F.3d 1093, 1093, 1994 WL 198875 (5th Cir. 1994) (unpublished) (affirming dismissal of declaratory judgment action where action "would serve no useful purpose beyond mere duplication of effort" given that issue on which plaintiff sought declaration "can be resolved" in other pending action).

Indeed, courts have consistently concluded that the "anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure." *Hanes Corp. v. Millard*, 531 F.2d 585, 592–93 (D.C. Cir. 1976); *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265, 1271 (S.D. Cal. 2007) ("[N]umerous courts have refused to grant declaratory relief to a party who has come to court only to assert an anticipatory defense."). And, in "this circuit, district courts regularly reject declaratory judgment claims seeking resolution of issues that are the mirror image of other claims in a lawsuit." *Setliff v. Zoccam Techs., Inc.*, No. 3:21-CV-2025-B, 2022 WL 504395, at *3 (N.D. Tex. Feb. 18, 2022) (cleaned up) (Boyle, J.); *see also Flanagan v. Chesapeake Expl., LLC*, No. 3:15-CV-0222-B, 2015 WL 6736648, at *4 (N.D. Tex. Nov. 4, 2015) (Boyle, J.) (noting that "courts regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit" and collecting cases).

In addition to serving no useful purpose, a declaratory judgment action like this "provokes a disorderly race to the courthouse." *Hanes*, 531 F.2d at 593. But the "federal declaratory judgment is not a prize to the winner of" such a "race." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 750 (7th Cir. 1987). Yet, exercising jurisdiction over this preemptive suit would encourage natural defendants to file more suits in the face of expected litigation against them. After all, every defense to an enforcement suit could be recast as a request for declaratory judgment on that defense. But especially where the natural plaintiff has

15

filed its action, as is the case here, there is no need to consider a request for declaratory relief. *Cf. U.S. Bank Nat'l Ass'n as trustee for CSMC Mortg.-Backed Tr. 2007-3 v. Lamell*, No. 21-20326, 2022 WL 1800860, at *5 (5th Cir. June 2, 2022) (expressing concern where "clever litigants [would] anticipate suit, bring a future defense as a declaratory judgment 'claim,' and thereby preclude the would-be plaintiff from being able to bring her claim for coercive relief" due to claim preclusion).

**B.  The *Trejo* factors support dismissing Comerica's request for declaratory relief.**

The Court should also dismiss Comerica's requests for declaratory relief under the Fifth Circuit's *Trejo* factors. In that case, the court of appeals listed seven non-exhaustive factors that district courts "must consider in determining whether to dismiss" a case brought under the Declaratory Judgment Act. *Trejo*, 39 F. 3d at 590.[4] Those factors address three overarching concerns: (1) the proper allocation of decision-making between state and federal courts, (2) efficiency, and (3) fairness. *Sherwin-Williams Co.*, 343 F.3d at 390–91. While the first concern is not implicated here, the latter two strongly favor dismissal.

*Efficiency (factors 1, 5, and 6)*. The efficiency factors favor dismissal because there is another pending action "in which all of the matters in controversy may be fully litigated," *Trejo*, 39 F.3d at 590. Comerica's challenges to the CFPB's claims can be raised as defenses to the CFPB's pending enforcement action—and more efficiently. Comerica can (and likely will) raise

---

[4] The seven factors are "(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Sherwin-Williams Co.*, 343 F.3d at 388.

the same arguments it raises here in a motion to dismiss the enforcement action—a routine and expeditious way of resolving those sorts of arguments. That option is, of course, not available to them here given this lawsuit's "awkward cart before the horse litigation posture," *see Kochava v. FTC*, No. 2:22-cv-00349, 2023 WL 3250496, at *3 (D. Idaho May 3, 2023). Instead, here, the parties will have to brief the CFPB's motion to dismiss this action; the Court will have to decide it; and, if the case goes forward (it shouldn't), the parties would have to proceed to summary judgment (or potentially a motion by Comerica for judgment on the pleadings) before Comerica's claims were teed up for resolution on the merits. That is far less efficient than just proceeding the normal way—by Comerica making its arguments in a motion to dismiss the enforcement action.

Dismissing this action would also honor the Fifth Circuit's instruction that a "federal district court should avoid duplicative or piecemeal litigation where possible." *Sherwin-Williams Co.*, 343 F.3d at 391. Entertaining this action would almost certainly create piecemeal litigation because it would not resolve all the claims in the enforcement action. If Comerica obtained its requested declarations on whether call-wait-times and fraud-prevention practices can be "unfair" under the CFPA, then the CFPB's enforcement action would still undeniably proceed on the twelve claims that have no connection to the call-wait-times and fraud-prevention practices that Comerica contends cannot be unfair and to which Comerica's complaint does not even allude. *See* CFPB Compl. Counts II-XIII. Indeed, even if Comerica obtained its requested declaration that the CFPA "does not permit the CFPB to set permissible customer service call wait times," Comerica Compl. Prayer for Relief ¶ a, that would not preclude the CFPB from pursuing its actual customer service-related claim. That is because the CFPB's enforcement action seeks to hold Comerica accountable for failing to provide a reasonable way for consumers to protect their

17

funds and invoke their legal rights—not to set any rule on call wait times. CFPB Compl. ¶¶ 25–61, 111–117.

Likewise, if Comerica obtained its requested declaration that it lacked fair notice of the call-wait-times and fraud-prevention claims that Comerica (incorrectly) presumed the CFPB would bring, that would not affect any of the enforcement action's twelve wholly unrelated claims, or even the vaguely similar customer-service-related claim. And if Comerica successfully argued that the CFPB could not act because its funding is currently invalid, even Comerica would have to concede that the enforcement action could resume as soon as the funding "problem" was fixed.

Finally, if this Court rejected all of Comerica's claims in this action on the merits, then the pending enforcement action would still proceed to determine Comerica's liability. All of this, of course, can be avoided by dismissing this action and focusing just on the pending enforcement action where all the CFPB's claims and Comerica's defenses can be litigated in a single suit. *See Sally Holdings LLC v. Bd. Ams., Inc.*, No. 4:22-CV-285-SDJ, 2023 WL 4424599, at *6 (E.D. Tex. July 10, 2023) (dismissing declaratory judgment action where retaining jurisdiction "would frustrate judicial economy by necessitating two suits").[5]

---

[5] The efficiency factors also consider "whether there is a pending state action" in which the disputed matters may be litigated and which forum is "convenient" for the "parties and witnesses." Where there is no pending state case, courts in the Fifth Circuit consider whether "all issues raised in the declaratory action could be adjudicated in the parallel federal action." *Watkins Strategy & Res. Grp., LLC v. WLC, LLC*, 433 F. Supp. 2d 778, 782 (S.D. Miss. 2006) (collecting cases). That is the case here. This factor thus favors declining to consider this declaratory action. *Cf. Morrison Express Corp. (U.S.A.), Inc. v. Eva Airways & Integrated Airline Servs., Inc.*, No. 3:12-CV-4830-B, 2013 WL 12126272, at *5 (N.D. Tex. Aug. 5, 2013) (Boyle, J.) (finding this factor "weigh[ed] heavily in favor of dismissal of [the declaratory] action" because "the disputed issues may be fully litigated" in the underlying foreign court action). And because both actions are before this Court, the factor concerning location of parties and witness is irrelevant.

*Fairness (factors 2, 3, and 4)*. The *Trejo* fairness factors assess whether the declaratory judgment action was filed for "improper" reasons. *Sherwin-Williams Co.*, 343 F.3d at 391. One sign that a declaratory action is improper is if it was filed in anticipation of litigation. *See AT & T Mgmt. Servs., L.P. v. CRI Consultants Ltd.*, No. 3:15-CV-0073-B, 2015 WL 4743376, at *8 (N.D. Tex. Aug. 5, 2015) (Boyle, J.) (finding the fairness factors "weigh[ed] in favor of staying or dismissing [the declaratory] action" given its "anticipatory nature"). An anticipatory suit becomes more suspect "where a declaratory plaintiff raises chiefly an affirmative defense." *BASF Corp. v. Symington*, 50 F.3d 555, 559 (8th Cir. 1995); *see also Capco Int'l, Inc. v. Haas Outdoors, Inc.*, No. 3:03-CV-2127G, 2004 WL 792671, at *4 (N.D. Tex. Apr. 9, 2004) (finding fairness factors favored dismissal where the declaratory plaintiffs' proposed declarations were "phrased as inverted elements" of the natural plaintiff's claims). This is because such cases evince a "race to res judicata" that would "cause inequities" if the declaratory action were to proceed. *Federated Rural Elec. Ins. Exch. v. Jourdan*, No. CV 16-14187, 2017 WL 1399608, at *3 (E.D. La. Apr. 19, 2017) (finding declaratory plaintiff's "race to res judicata" favored dismissal). Under these circumstances, "no declaratory judgment should issue." *BASF Corp.,* 50 F.3d at 559 (8th Cir. 1995).

Comerica's lawsuit is an improper declaratory action. Comerica does not hide that it filed this suit in anticipation of the CFPB's "imminent" enforcement action, s*ee* Comerica Compl. ¶ 66, and that it did so to litigate certain defenses to the enforcement action. As discussed above, Comerica's challenges to the CFPB's pending enforcement action can (and likely will) be raised as defenses in that action. In other words, Comerica filed this action in an apparent "race to res judicata." Thus, this declaratory action is nothing more than an improper "tactical device whereby a party who [is] a defendant in a coercive action . . . choose[s] to be a plaintiff by

19

winning the proverbial race to the courthouse." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002).

That this suit is improper is also evident from the fact that Comerica filed it during settlement negotiations. As courts in this Circuit have noted, allowing a first-filed declaratory judgment action to proceed in a situation like this "would penalize [the declaratory defendant] for its attempt to make a good faith effort to resolve th[e] dispute out of court." *Mill Creek Press, Inc. v. The Thomas Kinkade Co.*, No. 3:04-CV-1213-G, 2004 WL 2607987, at *9 (N.D. Tex. Nov. 16, 2004) (finding fairness factors weighed against exercising discretion to consider first-filed declaratory action). Indeed, "[p]otential plaintiffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation" first. *Id.* (quoting *Merle Norman Cosmetics v. Martin*, 705 F. Supp. 296, 299 (E.D. La. 1988)). Allowing this declaratory action to proceed would thus encourage potential defendants to engage in settlement negotiations in bad faith in an effort to beat the potential plaintiff to the courthouse, thereby "depriv[ing] the [natural] plaintiff of his traditional choice of forum and timing." *See Hanes*, 531 F.2d at 593.

Finally, that there is no allegation of forum shopping is not dispositive. As this Court has previously noted, where there is no claim of forum shopping (or even of an anticipatory filing), the "most important[]" factor is whether the declaratory claims can be "properly determined" in the underlying action. *Setliff v. Zoccam Techs., Inc.*, No. 3:21-CV-2025-B, 2022 WL 504395 (N.D. Tex. Feb. 18, 2022) (Boyle, J.). As discussed above, that is the case here.[6]

---

[6] While Comerica's challenge to a hypothetical fraud-detection claim is not at issue in the CFPB's enforcement action, that only reinforces that the challenge is barred by sovereign immunity and not ripe. *See infra* Sect. I.

For these reasons, the *Trejo* factors strongly weigh against the Court exercising its discretion to consider Comerica's request for declaratory relief.[7]

### III.    Alternatively, the Court should stay this declaratory action pending resolution of the enforcement action by the natural plaintiff proceeding before this Court.

In the alternative, if the Court does not dismiss this action, then it should stay it pending resolution of the CFPB's enforcement action currently before this Court. "Incidental to a court's inherent power to control its docket is the power to stay proceedings before it." *Nerium Int'l, LLC v. AloeVeritas Ams., LLC*, No. 3:17-CV-2994-B, 2018 WL 1899298, at *1 (N.D. Tex. Apr. 20, 2018) (Boyle, J.) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Whether a court should stay a case depends on how a stay would affect the parties' interests and whether a stay would conserve judicial resources." *Id*. Here, a stay of Comerica's declaratory action would conserve judicial resources without burdening either party. As detailed above, Comerica can challenge the CFPB's actual claims against it in the pending enforcement action by raising its defenses in a motion to dismiss. This Court's resolution of the enforcement action would make adjudication of this case practically unnecessary.[8] Thus, a stay of this action would prevent

---

[7] Nor does the first-to-file rule provide a basis to maintain this declaratory action. "The first-to-file rule only applies in instances where there are concurrent, pending proceedings in different federal courts," which is not the case here. *See Sturns v. Kroger Co.*, No. 3:23-CV-2533-B, 2024 WL 3513474, at *2 (N.D. Tex. July 22, 2024) (Boyle, J.). Regardless, the Fifth Circuit has made clear that the first-to-file does not apply to anticipatory suits like this. *See Pontchartrain Partners, L.L.C. v. Tierra de Los Lagos, L.L.C.*, 48 F.4th 603, 606 (5th Cir. 2022) (holding that anticipatory suits "obviate the 'first-to-file' rule's application"); *see also AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004) ("[C]ases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit.").

[8] The sole remaining issue in this litigation would be Comerica's challenge to a hypothetical fraud-detection claim that the CFPB did not bring, which Comerica presumably has no reason to pursue at this point and which, as discussed above, is barred by sovereign immunity and not ripe in any event. *See infra* Sect. I.

21

overlapping briefing and conserve this Court's time and energy. And because Comerica can

more effectively raise its challenges to the CFPB's enforcement action in the enforcement action

itself (in a motion to dismiss), Comerica will not be prejudiced by a stay of this action.

## **CONCLUSION**

For the reasons stated above, the Court should dismiss this case.


DATED:  January 17, 2025                    Respectfully Submitted,

                                            SETH FROTMAN
                                            General Counsel

                                            STEVEN Y. BRESSLER
                                            Deputy General Counsel

                                            KRISTIN BATEMAN
                                            Assistant General Counsel

                                            */s/ Derick Sohn*_____
                                            DERICK SOHN
                                            JOSEPH FRISONE
                                            Senior Counsels
                                            Consumer Financial Protection Bureau
                                            1700 G St. NW
                                            Washington, D.C. 20552
                                            Derick.Sohn@cfpb.gov
                                            Joseph.Frisone@cfpb.gov
                                            (202) 435-7873 (Sohn)
                                            (202) 435-9287 (Frisone)

**CERTIFICATE OF CONFERENCE**

I hereby certify that on January 15, 2025, counsel for the CFPB (Derick Sohn and Joseph Frisone) conferred about this Motion with counsel for Plaintiff (Matthew Previn and Jonice Gray). Counsel for Plaintiff stated that they oppose dismissal or a stay of this case because this declaratory action was filed before the CFPB's enforcement action. Given the fundamental differences in the parties' views, no agreement could be reached.

/s/ Derick Sohn
DERICK SOHN

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, a true and correct copy of this document was

served electronically by the Court's CM/ECF system to all counsel of record.


*/s/ Derick Sohn*_____
DERICK SOHN