**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| COMERICA BANK,<br><br>*Plaintiff*<br><br>v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>*Defendants*. | Case No. 3:24-cv-02828-B |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
OR, IN THE ALTERNATIVE, TO STAY**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

    I.  Comerica has not identified an applicable waiver of sovereign immunity. ....................... 2

    II.  Comerica has not shown that its claims are ripe. .............................................................. 3

    III. Even if this Court had subject matter jurisdiction, Comerica has not shown that the Court should exercise its discretion to consider this declaratory judgment suit. .......................... 6

    IV. Alternatively, the Court should stay this case pending resolution of the enforcement action. ................................................................................................................................. 9

CONCLUSION ....................................................................................................................... 10

## INTRODUCTION

Comerica Bank ("Comerica") filed this suit to preemptively litigate its defenses to an enforcement action Comerica expected to be filed by the Consumer Financial Protection Bureau ("CFPB"). As explained in the CFPB's Motion to Dismiss ("Motion"), the Court should dismiss this suit for multiple reasons.

First, this Court lacks subject-matter jurisdiction. To overcome sovereign immunity through the Administrative Procedure Act ("APA"), Comerica must identify "agency action" that this suit challenges, but points only to CFPB conduct that the Fifth Circuit has squarely held does not constitute "agency action." Comerica's claims are also not ripe. The bank does not credibly dispute that it can avoid any hardship by straightforwardly defending the enforcement action— Comerica instead speculates that dismissing this case might impose hardship if the CFPB were to dismiss and then re-file the enforcement action. Comerica also does not credibly dispute that most of its claims are unfit for judicial resolution—it argues instead that recognizing the claims as unfit would have the purportedly undesirable effect of forcing defendants to raise defenses in enforcement actions rather than in separate suits. Second, Comerica fails to provide any good reason for the Court to exercise discretionary jurisdiction under the Declaratory Judgment Act when the Court can more straightforwardly resolve the parties' entire dispute by ruling on the enforcement action. The Court should therefore dismiss this case.

Unable to deny the duplicative nature of its suit, Comerica recasts much of its Opposition as a request to consolidate this case with the enforcement action. But consolidation would not solve the problems created by this proceeding—Comerica's suit would still retain its separate identity, warts and all, and would thus still require dismissal. And it would offer no advantage over staying this case because resolving the enforcement action will also resolve this one.

1

# ARGUMENT

## I. Comerica has not identified an applicable waiver of sovereign immunity.

This Court lacks subject matter jurisdiction because Congress has not waived sovereign immunity for this suit against the United States. As explained in the CFPB's Motion, Fifth Circuit precedent forecloses any argument that alleged threats by the CFPB to bring an enforcement action asserting certain legal theories constitutes "agency action" that waives sovereign immunity under the APA. *See* Mot. at 6–7 (citing *Walmart Inc. v. DOJ*, 21 F.4th 300, 307–11 (5th Cir. 2021)). As the court of appeals held, negotiating positions "expressed behind closed doors" are not such "agency action," including because they are "nonpublic" and "devoid of legal force." *Walmart Inc.*, 21 F.4th at 309. Expressing exactly such negotiating positions is all that Comerica's complaint alleges that the CFPB did. Comerica Compl. ¶¶ 55–63. The APA waiver of sovereign immunity does not apply, and Comerica has identified no other, so it has not met its burden to establish subject matter jurisdiction. *See Walmart Inc.*, 21 F.4th at 307 ("To bring a claim against a sovereign, a party must first show that that sovereign has waived its immunity from suit.").

Comerica asserts that this suit "is readily distinguishable from *Walmart Inc*," Opp. at 7, but does not identify a single relevant factual difference. Comerica states that the CFPB "took concrete steps to pursue" legal theories similar to those the agency asserted as negotiating positions during settlement discussions, which "ultimately result[ed]" in an enforcement action. *Id.* But that is precisely what the Department of Justice did in *Walmart*, too. *See Walmart Inc.*, 21 F.4th at 306 (noting that DOJ ultimately filed an enforcement action). Comerica's argument in its Opposition and its complaint thus only confirm that its complaint fails to allege any "agency action" as is required to waive sovereign immunity under the APA in this Circuit.

Comerica attempts to rely on *Apter v. Dep't of Health & Hum. Servs.*, 80 F.4th 579 (5th Cir. 2023), but that case endorsed both the reasoning and the result of *Walmart*. *Id.* at 591. Applying *Walmart*'s reasoning, the Fifth Circuit in *Apter* explicitly distinguished the social media posts challenged in that case from the type of nonpublic "negotiating position[s]" at issue in *Walmart* and that Comerica challenges here. 80 F.4th at 590; *see also* Comerica Compl. ¶¶ 59 (alleging only that the CFPB stated it "was considering" claims), 63 (alleging only that the CFPB "threaten[ed]" to bring claims). Accordingly, whether or not any "agency activity imposing tangible consequences or legal positions constitutes 'agency action,'" *see* Opp. at 6, the Fifth Circuit has squarely and repeatedly held that an agency's assertion of legal theories during settlement negotiations imposes no such consequences or positions.

II.     **Comerica has not shown that its claims are ripe.**

This Court also lacks subject matter jurisdiction because Comerica's declaratory claims are not ripe. To establish ripeness, a declaratory plaintiff must show both hardship from the court withholding consideration and that the issues are fit for judicial decision. *See Roark & Hardee LP v. City of Austin,* 522 F.3d 533, 545 (5th Cir. 2008). Comerica satisfies neither requirement.

1. As explained in the CFPB's Motion, withholding consideration of Comerica's claims will impose no hardship because any issue that Comerica plausibly needs this Court to resolve can be adjudicated more simply and efficiently in the CFPB's enforcement action. Mot. at 8–9. Indeed, Comerica has now raised those issues in moving to dismiss the CFPB's recently filed amended complaint. *See* Comerica Mot. to Dismiss, ENF ECF No. 38.[1] Because the Court can

---

[1] "ENF ECF No. _" refers to docket numbers in *CFPB v. Comerica Bank*, No. 3:24-cv-03054-B (N.D. Tex.).

resolve the parties' dispute by simply ruling on Comerica's pending motion, this action is unnecessary to protect Comerica's interests.

Comerica's only response is to speculate that it might not be able to obtain resolution of its challenges to the CFPB's authority if the agency drops the enforcement suit but then later refiles it or takes some other unspecified "future action." Opp. at 13. But such speculation is insufficient to establish hardship, particularly since the CFPB is continuing to pursue the enforcement action, including by filing an amended complaint last week. *See* CFPB Am. Compl., ENF ECF No. 31. Accordingly, Comerica cannot plausibly contend that it needs this suit to avoid any hardship.[2] This alone means Comerica's claims are not ripe. *See Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (dismissing case as not ripe without addressing fitness prong where declaratory plaintiff could not establish hardship).

2. Regardless, Comerica's statutory and derivative fair notice claims are also not ripe because they are not fit for judicial review. To determine fitness for judicial decision, courts assess "whether the issue presented is a purely legal one, whether consideration of that issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final." *Walmart*, 21 F. 4th at 312. In its Motion (at 9–13), the CFPB explained that the contingent negotiating positions challenged by Comerica's statutory and fair notice claims, *see* Comerica

---

[2] Moreover, even if the CFPB were to voluntarily dismiss its enforcement action, Comerica's stated concern that the CFPB might bring another enforcement suit or take other regulatory action at an unspecified future date would be too speculative to establish standing. *See Kovac v. Wray*, 109 F.4th 331, 340 (5th Cir. 2024) (to establish standing based on future injury, "the 'threatened injury must be *certainly impending*'"; "allegations of possible future injury are not sufficient" (emphasis in original)). For the same reason, Comerica lacks standing to challenge through this suit any claims that are not at issue in the pending enforcement action.

Compl. ¶¶ 55–63, were not "sufficiently final" agency action and that those claims would also benefit from the more concrete setting of the enforcement action the CFPB actually filed.

In response, Comerica does not dispute that its declaratory judgment claims would benefit from a more concrete setting.[3] And Comerica misses the point when it argues (at 13) that concluding its claims do not challenge "sufficiently final" action would grant the government excessive power to "moot" declaratory judgment actions by bringing enforcement actions. The CFPB's enforcement action did not "moot" this suit by rendering Comerica's claims unfit for judicial review. Comerica's claims were unfit before the enforcement action was filed and remain unfit today because they are insufficiently concrete and do not challenge "agency action" at all, *see infra* Sect. I, let alone agency action that is "sufficiently final," *see Consensys Software, Inc. v. SEC*, 749 F. Supp. 3d 736, 742 (N.D. Tex. 2024) (holding that "enforcement actions do not constitute final agency actions" and therefore "do not render" statutory and fair-notice claims challenging them "fit for judicial decision"). The "discrepancies" between the hypothetical claims Comerica challenges here and the CFPB's actual claims in the enforcement action merely "illustrate the peril of treating [Comerica's] requested declarations as constituting a ripe case or controversy." *Walmart Inc.*, 21 F.4th at 312.

3. Finally, and without citing any authority, Comerica asserts (at 12) that consolidating this suit with the CFPB's enforcement action "[a]voids [a]ny [r]ipeness [c]oncerns." Comerica is mistaken. "Consolidation does not merge suits into a single action"; rather "the actions maintain their separate identities." *State Auto. Mut. Ins. Co. v. Dunhill Partners, Inc.*, No. 3:12-CV-03770-P, 2013 WL 11821465, at *5 (N.D. Tex. Mar. 14, 2013) (citing *Frazier v. Garrison*

---

[3] Comerica has thus waived any argument to the contrary. *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018).

*I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993)). Accordingly, consolidation does not render resolution of this suit necessary to avoid any hardship to Comerica nor render Comerica's challenges to hypothetical claims that the CFPB did not actually assert fit for judicial review.

### III. Even if this Court had subject matter jurisdiction, Comerica has not shown that the Court should exercise its discretion to consider this declaratory judgment suit.

Even putting aside the Court's lack of subject-matter jurisdiction, Comerica has not shown that this Court should exercise its discretion under the Declaratory Judgment Act to consider Comerica's requested declaratory relief. As the CFPB explained in its Motion (at 13–21), this suit is inconsistent with the purposes of the Act and unwarranted under the Fifth Circuit's *Trejo* factors because Comerica is not seeking legal clarity in the face of uncertain litigation, but rather to improperly (and inefficiently) litigate its defenses to the CFPB's now-pending enforcement action in a separate suit. Comerica has not shown otherwise.

1. Comerica first argues (at 15) that the declaratory relief it seeks is consistent with the Act's purposes because Comerica's statutory and constitutional challenges to the CFPB's authority are "broad." But that does not make the relief proper. As Comerica acknowledges (at 14), the Act is meant to give "parties, threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy." *Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 933 (5th Cir. 2023). Here, Comerica clearly has a "satisfactory remedy"—it has now asserted its challenges to the CFPB's claims as defenses in the CFPB's enforcement action.[4] Indeed, Comerica admits that its claims are "essentially

---

[4] To the extent any of Comerica's claims cannot be raised as defenses in the enforcement action, that is because such claims are not relevant to the only "actual controversy" between the parties. Such claims would therefore be subject to dismissal for the separate reason that Comerica lacks standing to pursue them. *See Kovac*, 109 F.4th at 340.

inverses" of the CFPB's claims. Opp. at 1. And Comerica does not dispute that "district courts [in this circuit] regularly reject declaratory judgment claims seeking the resolution of issues that are the mirror image of other claims in a lawsuit." *Setliff v. Zoccam Techs., Inc.*, No. 3:21-CV-2025-B, 2022 WL 504395, at *3 (N.D. Tex. Feb. 18, 2022) (cleaned up) (Boyle, J.). Because Comerica offers no good reason to depart from that regular practice here, the Court should apply it to dismiss Comerica's claims.

Comerica also argues (at 15) that its declaratory suit is not inconsistent with the Act's purpose because Comerica and the CFPB both filed their suits in this Court and because the CFPB did not file its enforcement action sooner. But Comerica does not dispute that "exercising jurisdiction over this preemptive suit would encourage natural defendants to file more suits in the face of expected of litigation against them" because "every defense to an enforcement suit could be recast as a request for declaratory judgment on that defense." *See* Mot. at 15. Further, the fact that the CFPB filed its enforcement action less than a month after Comerica filed this suit does not mean that Comerica didn't provoke a disorderly race to the courthouse. *See Pac. Emps. Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985) (affirming dismissal of declaratory judgment action filed in anticipation of suit filed two months later). Nor would unnecessarily complicating resolution of the CFPB's enforcement claims against Comerica by consolidating them with Comerica's duplicative declaratory judgment claims represent "the most efficient course of action," as Comerica contends. *See* Opp. at 15.

2. Comerica also does not show declaratory relief is proper under the *Trejo* factors. Start with efficiency. Comerica first claims (at 16) that any potential inefficiencies are obviated by consolidating this action with the enforcement action, but that is not true. Even after consolidation, this Court would still need to resolve threshold issues raised in the CFPB's

7

Motion to Dismiss before addressing the merits of Comerica's requested declarations—by contrast, in the enforcement action this Court can skip straight to the merits of the defenses Comerica has raised in its motion to dismiss. And if the Court rules that threshold issues do not bar this suit, consolidation would not change the fact that many of the legal issues that could be resolved by ruling on Comerica's motion to dismiss the CFPB's enforcement action likely cannot be resolved in this action until motions for summary judgment. *See* Mot. at 16–17.

And if the cases are not consolidated, Comerica argues (at 16) that the efficiency factors weigh in favor of maintaining this suit because its allegation that the "entire" enforcement action is improper for constitutional reasons eliminates the risk of piecemeal litigation. But Comerica offers no response to the CFPB's explanation that at least parts of its enforcement action could still proceed even if Comerica prevailed here (even on what it characterizes as constitutional claims). *See* Mot. at 17–18. The efficiency factors thus do not favor maintaining this suit.

The *Trejo* fairness factors point the same way because this is an improper anticipatory suit. Comerica claims (at 17) that "declaratory judgment lawsuits are routinely filed in anticipation of other litigation" and Comerica's mere "knowledge that the CFPB's enforcement efforts could result in an enforcement action, without more, does not demonstrate" that this suit is improper. But there is more. Comerica did not merely know that an enforcement action was possible; Comerica filed this suit *because* of what it calls a "looming threat of [an] imminent" enforcement action. *See* Comerica Compl. ¶ 66. Beyond that, Comerica completely elides that it filed this suit while it and the CFPB were in settlement negotiations—a fact that multiple courts have found tips in favor of dismissing the first-filed anticipatory suit. *See* Mot. at 20 (citing cases). Finally, there's the fact that Comerica's claims are the "inverse[]," Opp. at 1, of the CFPB's claims—a telltale sign of an improper anticipatory suit, *Capco Int'l, Inc. v. Haas*

*Outdoors, Inc.*, No. 3:03-CV-2127G, 2004 WL 792671, at *4 (N.D. Tex. Apr. 9, 2004) (finding fairness factors favored dismissal where the declaratory plaintiffs' proposed declarations were "phrased as inverted elements" of the natural plaintiff's claims).

For these reasons, Comerica has not shown that this Court should exercise its discretion to consider Comerica's requested declaratory relief. This case should accordingly be dismissed.[5]

## IV. Alternatively, the Court should stay this case pending resolution of the enforcement action.

In the alternative, if the Court does not dismiss this action, then it should stay it pending resolution of the CFPB's enforcement action. A stay would conserve judicial resources without burdening either party since "ruling on the CFPB's claims in the Enforcement Action . . . will also effectively rule on [Comerica's] declaratory judgment claims." ECF No. 21, Order at 2. And because Comerica can more effectively raise its challenges to the CFPB's enforcement action in the enforcement action itself, Comerica will not be prejudiced by a stay.

Comerica provides no explanation to substantiate its contrary claim (at 10) that it will be prejudiced by a stay, or any plausible reason to believe consolidation is the better course. As noted above, consolidated cases still retain their separate identities, *see State Auto. Mut. Ins. Co.*, 2013 WL 11821465, at *5, so the threshold problems with this suit would remain. Consolidation therefore would not "obviate . . . the [CFPB's] objections to allowing Comerica's Declaratory

---

[5] Comerica complains (at 13) that the CFPB's argument would require "dismissal of *virtually any* declaratory judgment action against a government agency where the agency subsequently initiated the enforcement proceeding." Even assuming that is true, Comerica does not explain why this is problematic. Where a defendant can raise its challenges to an enforcement action in the enforcement action, it's hard to see how that is not the more "straightforward" path. *See* ECF No. 21, Order at 1. Indeed, "by now it is well settled that a court may in its discretion dismiss a declaratory judgment . . . suit if the same issue is pending in litigation elsewhere. *Morgan Drexen, Inc. v. CFPB*, 785 F.3d 684, 694 (D.C. Cir. 2015) (cleaned up).

9

Judgement Action to proceed" as Comerica claims. *See* Opp. at 11.

Because "ruling on the CFPB's claims in the Enforcement Action" would also "effectively rule on [Comerica's] declaratory judgment claims," ECF No. 21, Order at 2, consolidation serves no purpose that would not be better served by a stay. The Court could simply "consider[] . . . the entirety of [the] constitutional and statutory issues involved in this dispute," *see* Opp. at 10, in ruling on Comerica's defenses to the enforcement action, and without creating any additional risk of "inconsistent rulings" or duplicative discovery, *see id*.

Comerica does not cite any case in which a preemptive declaratory challenge to an enforcement action was consolidated rather than stayed or dismissed. The two cases on which Comerica relies (at 11) for the proposition that "courts routinely consolidate declaratory actions with [the] affirmative action," were consolidated only *after* the court determined dismissal was unwarranted. *See Arctic Cat, Inc. v. Polaris Indus. Inc.*, No. 13–3579 (JRT/FLN) 2014 WL 5325361, \*1 (D. Minn. 2014); *Allfirst Bank v. Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513 (D. Md. 2001). Here, the Court should dismiss Comerica's complaint as explained above.[6]

## CONCLUSION

For the reasons stated above, the Court should dismiss this case.

---

[6] If this Court believes consolidation is appropriate, however, the CFPB respectfully defers to the Court's judgment and discretion to manage its docket.

DATED:  March 21, 2025                           Respectfully Submitted,

                                                            STEVEN Y. BRESSLER
                                                            Deputy General Counsel

                                                             *s/ Derick Sohn*
                                                            DERICK SOHN
                                                            JOSEPH FRISONE
                                                            Senior Counsels
                                                            Consumer Financial Protection Bureau
                                                            1700 G St. NW
                                                            Washington, D.C. 20552
                                                            Derick.Sohn@cfpb.gov
                                                            Joseph.Frisone@cfpb.gov
                                                            (202) 435-9287 (Frisone)
                                                            (202) 435-7873 (Sohn)

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 21, 2025, a true and correct copy of this document was served electronically by the Court's CM/ECF system to all counsel of record.

                                          */s/ Derick Sohn*
                                          DERICK SOHN